Statement.

# Richmond.

## RAU v. SHAVER AND OTHERS.

### NOVEMBER 19, 1903.

### Absent, Buchanan, J.*

1. JUDGMENTS LIEN—*Interest of Judgment Debtor—Rights of Third Persons—Lien for Purchase Money.*—If a third person furnishes the money to pay for land which is conveyed to a married woman under a written contract with her husband, as her agent, by which it is agreed that such third person shall have a lien on the land until the purchase money is refunded, and the land is conveyed to the wife, the judgment creditors of the husband cannot subject said land to their judgments until said purchase money has been refunded.

2. EQUITY PRACTICE—*Suit to Set Aside Conveyance as Voluntary—Purchase Money Advanced by Third Person—Right to File Petition—When to be Filed.*—In a suit to set aside a deed to a wife on the ground that the consideration therefor moved from her husband, and that the deed is in fraud of the rights of his judgment creditors, it is error to refuse to allow a third person, who was not a party to the suit, to file a petition in the cause, showing that the consideration was wholly furnished by him, and asking to be admitted as a party and allowed to assert his rights therein. He should not be put to an independent suit when all of his rights can be fully determined in the pending suit. Such petition may be filed at any time before a final decree.

Appeal from a decree of the Circuit Court of Rockingham county, in a suit in chancery, under the style of *Shaver* v. *Shaffer and Others,* in which appellant tendered a petition asking to be admitted as a party.

*Reversed.*

The opinion states the case.

*Judge Buchanan was detained at home by sickness.

*O. B. Roller & Martz,* and *Winfield Liggett,* for the appellant.

*T. N. Haas,* for the appellees.

KEITH, P., delivered the opinion of the court.

Erasmus A. Shaver filed his bill in the Circuit Court of Rockingham county, to enforce payment of a judgment against E. J. Shaffer, in which he recites that three deeds were made by David Wenger, Virginia L. Tharpe, and the Luray Caverns Company, respectively, conveying real estate to Annie E. Shaffer, wife of E. J. Shaffer; that said several conveyances to Annie E. Shaffer were, as to her, voluntary, the consideration for each of them having moved from her husband; and charges that they were mere devices on the part of E. J. Shaffer, in which Annie E. Shaffer participated, to defraud his creditors.

E. J. Shaffer and his wife answered the bill, denying its allegations; proof was taken, and on the 27th day of October, 1900, a decree was entered, holding that the conveyances were made in fraud of the rights of the complainant. The decree further directed that the cause be referred to one of the Master Commissioners, with instructions to ascertain and report the liens upon the property, in the order of their priority, and its fee simple and annual value.

On July 15, 1901, Henry M. Rau filed his petition, stating that he is a dealer in bark extracts, chemicals, and dyestuffs, and that in order to obtain materials for his use it became necessary to establish mills and extract works, and that, in pursuance of this design, he had established a place of business at the town of Luray, in Page county, and had entered into a contract with E. J. Shaffer, agent for Annie E. Shaffer, to take charge of it. That, in order to enable Shaffer to conduct the business as agent for his wife, it became necessary to acquire land on which to erect bark sheds, offices, stables, mills and warehouses,

and to that end he had furnished E. J. Shaffer, as agent for Annie E. Shaffer, with money; that certain properties, situated in Luray, Page county, were purchased, and upon them were erected the necessary buildings for the conduct of the business at that point; and that the machinery for operating the plant, the property used for the business, and the capital with which to purchase the bark, were all furnished by the petitioner.

In support of these allegations, two exhibits were filed with the petition, the first dated 27th of March, 1900, which sets out in detail the terms of a contract between E. J. Shaffer, in his own right and as agent for Annie E. Shaffer, upon the one part, and Henry M. Rau, upon the other. The provision in this contract, which is of chief interest to this inquiry, is as follows:

"E. J. Shaffer agrees, both for himself and as agent for A. E. Shaffer" (his wife) "that for such advances and for such other previous sums advanced, either on account of bark contracts of previous date, or for sums furnished to purchase ground, erect buildings, and provide machinery for the bark mill at Luray, Va., conducted or to be conducted by the said E. J. Shaffer, that the said Henry M. Rau is to hold, and herewith does hold, a lien on the said grounds, mill, buildings and machinery, and that no other lien is or will be placed by the said E. J. Shaffer, either for himself or as agent for A. E. Shaffer, on the said grounds, mill, buildings or machinery, until the said lien to Henry M. Rau shall have been satisfied by the repayment to the said Henry M. Rau of the sums so advanced or that may be advanced in the future."

The prayer of the petition is that Rau may be made a party defendant to the chancery cause of *Shaver* v. *Shaffer,* and that the decree of October 27, 1900, may be reviewed, vacated and set aside.

The case thus presented is that Erasmus Shaffer is relying upon a judgment rendered at the October term, 1893, of the

Circuit Court of Rockingham county; that he is seeking to subject to the lien of this judgment certain property conveyed to Annie E. Shaffer and standing in her name by virtue of deeds dated December 27, 1899, January 23, 1900, and December 27, 1899; that a decree subjecting these lands to the judgment was rendered October 27, 1900, the Circuit Court being of the opinion that the consideration for those deeds moved not from Mrs. Shaffer, but from her husband, and that they were made to her in order to defraud his creditors.

If the averments of the petition be true, the consideration was really furnished by Henry M. Rau, and a lien given upon the Luray Caverns property to secure the advances thus made by him. If such be the case, the creditors of E. J. Shaffer have neither a legal nor a moral right to subject this property to the payment of his debts, to the prejudice of the petitioner.

When this petition was presented, it was met by a demurrer which concedes the truth of the facts properly pleaded therein, and if its averments be true, the petitioner was entitled to the relief prayed for. The decree appealed from, however, sustained the demurrer and dismissed the petition, "without prejudice to the right of said petitioner to take such other proceedings as he may be advised," thus leaving him free to institute his original suit. But why put him to his original suit, when he may be made a party to the pending suit of *Shaver* v. *Shaffer* before a final decree is entered, and have his rights fully determined in that suit? This is not the case of a party to a suit coming in by petition to ask that a decree may be reheard, either for error upon the record, or upon after-discovered evidence, but of a stranger to the record, who, finding that property in which he claims an interest is in litigation, comes before the court by petition which, on the face of it, shows a case entitling him to relief, and asks to be made a party defendant.

We are of opinion that there is error in so much of the decree

as sustains the demurrer to appellant's petition; that the decree appealed from should be reversed; that Rau should be made a party defendant, and that such proceedings should be had as may be necessary to ascertain his rights in the premises; and that, in the meantime, the operation of the decree of October 27, 1900, be suspended, and that appellant recover his costs against Erasmus A. Shaver.

*Reversed.*