## 32214. SHEPHERD *v*. THE STATE.

Decided November 6, 1948.

*Duke Davis,* for plaintiff in error.

*P. T. Hipp, Solicitor,* contra.

GARDNER, J. ■ Special grounds 1 and 2 assign error on the charge of the court. Those grounds are, omitting the formal parts: "1. 'I don't remember charging that. The charge was that if the whisky was found on property belonging to the defendant, the presumption of law would be that it was his whisky, but that presumption can be rebutted. You look to the evidence and determine whether or not the whisky, if any, was found on his property. If you find from the evidence that the whisky was found on property of the defendant, if there was any whisky found, the legal presumption of law would be that it was the defendant's whisky, but it is only a presumption of law and can be rebutted, all of which is a question of fact for you to pass on. Is that sufficient?' " Special ground 2 complains of this excerpt from the charge of the court: "If you find from the evidence that the whisky was found on property of defendant, if there was any whisky found, the legal presumption of law would be that it was the defendant's whisky." Under the facts of this case we do not think this a sound, abstract principle of law. Counsel for neither side have called our attention to any decision in our State and we have been able to find no such decision that would authorize the court to instruct the jury as a matter of law that if whisky were found, as here, in an automobile belonging to a person and which automobile had not been in the possession of the defendant for practically a week, that the presumption of law would be that such whisky was in the possession of the owner of the car and that the burden would be shifted to the owner to show that the whisky was not in the automobile with his knowledge or consent. It would seem that this would be a dangerous rule for the numerous owners of motor vehicles. It would subject

the owner of a car to a legal presumption against such owner where contraband whisky was found in his car which had not been in his possession but in the possession of others for days or weeks or perhaps months. We are not unmindful that where contraband articles are found on the premises of one that the presumption of law that possession of the premises goes to the extent that he also possesses the contraband articles is well established. Those are not the facts here. The court charged the jury here in effect that if the contraband whisky was found *on property of the defendant on the automobile of the defendant, the presumption of law would be that it was the defendant's whisky.* This seems to carry the rule too far, when the evidence, as here, shows that the car had been in the possession of others for practically a week before the whisky was found. On this question the State called to our attention particularly the case of *Hart v. State,* 53 *Ga. App.* 367 (9) (186 S. E. 152). We have read this case carefully and can not see that it reflects any light on the instant case. This case is reversed on this charge of the court.

■ The remaining special ground assigns error because the court failed to charge on the weight of circumstantial evidence, and failed to charge "to warrant a conviction on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." While we think it is a better practice to charge the weight of circumstantial evidence, but still, in the instant case the court did charge the definition of circumstantial evidence and did charge fully with reference to presumption of innocence and reasonable doubt, etc. Should the case be tried again, no doubt the court will charge on the weight of circumstantial evidence; if he does not, the defendant can make a written request to do so, and should the court then fail to do so, and the evidence be close, we might then be inclined to consider whether, in view of the whole charge, the failure to charge on the weight of circumstantial evidence would be reversible error. The court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*