## 36031. WATSON *v.* THE STATE.

TOWNSEND, J. 1. On trial under an accusation in two counts charging the defendant with possessing and transporting liquor, where the evidence shows that the defendant procured another to go with him and pick up a box, and on returning, the defendant seeing certain police officers stated to his companion, "Take this and get out and run with it," and the companion was then apprehended and the box investigated and found to contain 4 half-gallon jars of moonshine liquor, it was not error against the objections urged to charge as follows: "If a person is driving an automobile or has an automobile in his possession, custody or control, all in that automobile is presumed to be his and in his possession. However, that presumption is a rebuttable one, but when that has been shown, gentlemen, beyond a reasonable doubt, then the burden shifts to the defendant to satisfy you that he did not know the whisky was in the car, that it was not his whisky." This charge is not, as contended, an expression of opinion as to what has been proved in the case. The court properly charged that the presumption of innocence remains in favor of the defendant throughout the trial and until the State by competent evidence satisfies the jury of his guilt beyond a reasonable doubt, and it is true that when the State has made out a case for possessing or transporting liquor to this extent the burden of proceeding shifts to the defendant to establish his defense to the satisfaction of the jury. *Elder* v. *State*, 68 *Ga. App.* 227 (22 S. E. 2d 521); *Proctor* v. *State*, 49 *Ga. App.* 497, 501 (176 S. E. 96). Where immediate and exclusive possession of an

automobile, locker room, or other premises is shown, the inference is authorized that the owner of such property is the owner of what is contained therein, and this inference has been referred to as a rebuttable presumption. *Arnold* v. *State*, 85 *Ga. App.* 336 (1) (69 S. E. 2d 615); *Miller* v. *State*, 73 *Ga. App.* 810 (1) (38 S. E. 2d 180). That the application of such rule in any except cases where the evidence clearly shows immediate custody and control by the defendant would be unwarranted and "a dangerous rule for the numerous owners of motor vehicles," see *Shepherd* v. *State*, 77 *Ga. App.* 857, 859 (50 S. E. 2d 111). Under the facts of this case, the charge as given was not error.

2. A charge as follows: "You could not find him guilty of transporting liquor or shipping or causing the same to be done, if you did not find him guilty of possession or controlling it or having it in his custody. It makes no difference whose the whisky was or who it belonged to whether or not he is guilty of possession [sic] it or transporting it as stated by the court," is not subject to the objection that it invaded the province of the jury by expressing an opinion as to what had been proved.

3. The evidence, which consisted of the testimony of the defendant's companion that he had picked up the box shown to contain illegal liquor at a place pointed out to him by the defendant and had attempted to flee from the car with it on the approach of the police officers, together with the corroborating testimony of the latter as to the circumstances of the flight and recovery of the liquor, was sufficient to authorize the conviction, under count 1, of illegally possessing non-tax-paid liquor. The defendant was acquitted of the offense of transporting liquor set out in count 2, but the question of whether this verdict is so inconsistent and repugnant as to be set aside for this reason is raised only in the brief of counsel. It cannot be dealt with under the general grounds of a motion for a new trial only, since the latter raise the sole question of whether there was any evidence to authorize the verdict complained of, that is, the verdict of guilty under count 1. *Southern Railway Co.* v. *Adams*, 14 *Ga. App.* 366 (2) (80 S. E. 912).

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 16, 1956.

*Mrs. Charles L. Camp*, for plaintiff in error.

*Chastine Parker, Solicitor*, contra.