## 47914. ELROD v. THE STATE.

DEEN, Judge. On the night of February 26, 1971, police pursuing an automobile involved in traffic violation found it abandoned at the end of a street blocked by a ditch. The driver had fled leaving the keys in the car. Various articles of personal property recently stolen

from a nearby home were found inside. The ownership of the car was quickly traced to the defendant who had purchased it the previous December 20. Further investigation revealed that the defendant had without notice suddenly quit his job and left the state, after requesting an acquaintance to return a company truck in his possession and forward his pay check. The witness could not remember when the defendant's note making this request was received except that "it was in the wintertime . . . in January or February." Elrod was eventually arrested in another county and returned for trial. He produced no evidence and made an unsworn statement denying guilt, but he did not deny ownership or possession of the automobile and made no attempt to explain its summary abandonment. He appeals from a verdict of guilty. *Held:*

1. In the absence of any circumstances to the contrary, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein. *Arnold v. State,* 85 Ga. App. 366 (2 b) (69 SE2d 615); *Derricott v. State,* 75 Ga. App. 703 (44 SE2d 303); *Watson v. State,* 93 Ga. App. 368 (1) (91 SE2d 832); *Horne v. State,* 93 Ga. App. 345 (4) (91 SE2d 824). As to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it. *Shepherd v. State,* 77 Ga. App. 857 (50 SE2d 111).

2. Code Ann. § 27-1403 provides: "Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly discovered evidence which the State was not aware of

at the time of its furnishing the defendant with a list of the witnesses." This statute must be subject to a reasonable interpretation. In *Mitchell v. State,* 226 Ga. 450 (3) (175 SE2d 545) it was held not error to allow a witness to testify where the district attorney stated in his place that this witness had on the day before the trial volunteered new information he did not know of before that time. Here the prosecuting attorney stated in his place that he had been assured by a witness that the bill of sale of the automobile in question, to the defendant was the original document; that he only obtained it just before the trial, realized it was not the original, but a copy bill of sale, and thereupon called the seller to the stand to prove the transaction. This witness testified in effect only that the copy bill of sale correctly delineated the transfer. While such evidence is not exactly "newly discovered" we believe it to be sufficiently within the spirit of the statute not to require a reversal of the case.

3. The stolen goods having been found in an automobile owned by the defendant and abandoned in the course of a police chase, plus the sudden disappearance of the defendant and the absence of any circumstances which might offer an explanation consistent with his innocence are sufficient to authorize the verdict.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 6, 1973 — DECIDED
FEBRUARY 19, 1973.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley,* for appellee.