## 53839. PLESS v. THE STATE.

Quillian, Presiding Judge.

Defendant appeals his conviction of burglary. *Held:*

1. The defendant asserts the trial court erred in failing to grant a new trial on the general grounds. We can not agree. Where a conviction is based upon circumstantial evidence, "to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the

inference, beyond a reasonable doubt, of guilt." *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). "Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643). The evidence in this case was sufficient to support the verdict.

2. A *pre-trial* motion to produce was denied by the court after an in-camera inspection. The defendant requested copies of all statements of witnesses, scientific data, a list of items seized, and a list of all persons who had knowledge, information or records concerning the instant case. Although not requested or demanded, defendant stated in his motion that he was "entitled to . . . any information favorable to the defendant."

Rulings by our Supreme Court have been refined in relation to discovery in criminal cases. Formerly the Supreme Court held: "There is no Georgia statute or rule of practice which allows discovery in criminal cases." *Chenault v. State,* 234 Ga. 216, 221 (215 SE2d 223); accord, *Henderson v. State,* 227 Ga. 68, 77 (2) (179 SE2d 76); *Pass v. State,* 227 Ga. 730, 737 (12) (182 SE2d 779); *Hicks v. State,* 232 Ga. 393 (207 SE2d 30). In *Jarrell v. State,* 234 Ga. 410, 418 (216 SE2d 258), the court modified the rule to state that "there is no statute or rule of procedure in force in Georgia governing *pre-trial* discovery in criminal cases." (Emphasis supplied.) This distinction was brought into focus clearly in *Brown v. State,* 238 Ga. 98, 99 (231 SE2d 65), when the court held: "There is a distinct difference however between pre-trial discovery and the production of documents at trial . . . Code Ann. § 38-801 (e) shows clearly that it is applicable to subpoenas for attendance at a hearing or trial." The court also held that "pursuant to Code Ann. § 38-802, subsection (g) of Code Ann. § 38-801 is applicable in criminal cases." Id. p. 101.

The instant case deals with a pre-trial discovery motion; thus *Brown* is inapplicable, and *Jarrell's* holding

that "there is no statute or rule of procedure in force in Georgia governing pre-trial discovery in criminal cases" (*Jarrell v. State,* 234 Ga. p. 418, supra) controls the disposition of this issue. "Whatever rules of procedure there are, have been formulated by the trial courts. . ." Id. Defendant argues that Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), is applicable and "the prosecution may not suppress any evidence which in any matter is helpful or favorable to the Defendant. . ." This simplistic view is overly broad. The United States Supreme Court stated that "[t]he heart of the holding in Brady is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or punishment." Moore v. Illinois, 408 U. S. 786, 794 (92 SC 2562, 33 LE2d 706). Moore is important for another reason. It also held: "We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." 408 U. S. p. 795. Our Supreme Court is in accord. "There is no Georgia statute nor rule of practice which requires the district attorney to open his files to the attorney for the accused, nor is the accused entitled as a matter of right to receive copies of police reports. . ." *Henderson v. State,* 227 Ga. 68, 77 (179 SE2d 76).

The Brady rule appears to have four elements: (1) demand by the defense, (2) for evidence favorable to the defendant, (3) which is material to guilt or punishment, and (4) suppression by the prosecution. Our Supreme Court has also held that the ultimate test "is whether the undisclosed evidence was so important that its absence prevented the accused from receiving his constitutionally-guaranteed fair trial." *Carter v. State,* 237 Ga. 617, 619 (229 SE2d 411).

Applying the above standards, we find that although such evidence may have been informative and helpful, the trial court did not abuse its discretion in failing to order release of the requested evidence after an in-camera inspection, as the items "would not exculpate appellant nor would [they] lessen his criminal liability." *Carter v. State,* 237 Ga. p. 619, supra; *Watts v. State,* 141 Ga. App.

127, 128 (2) (232 SE2d 590).

3. Counsel for the defendant made a motion to suppress two statements made by the defendant to law enforcement authorities. The first statement was made to Sheriff Baker. When asked about the circumstances the sheriff testified: "He [the defendant] sent for me to come back [to the jail cell where he was confined]. Q. And did you know what he was sending for you for? A. No sir. . . . He just said that he'd talk to me in private. . . He just said that he had information that one of the drug stores in Cleveland *had been* broken into between eleven and twelve." (Emphasis supplied.)

On further examination the sheriff stated that defendant told him "he had information that one of the drug stores in Cleveland *would be* burglarized or broken into between eleven and twelve. . . Q. In the morning? A. Yes sir." (Emphasis supplied.) The sheriff's office was informed of the burglary by one of the owners of the burglarized building "fifteen to twenty minutes later."

Regardless of which version of the sheriff's testimony is correct — the rule of evidence as to admissibility of a defendant's statement remains the same. A statement of the accused is admissible if made voluntarily, without inducement by another, by the slightest hope of benefit or the remotest fear of injury. Code § 38-411. Although defendant had been arrested and confined for public drunkenness, this was not a custodial interrogation as that term is used in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). There was no interrogation and the defendant was not a suspect in a yet to be reported crime. While legality, duration, and conditions of detention are relevant, in the determination of voluntariness of an accused's statement, nothing of record shows compulsion, coercion, or any illegal inducement. *Wilson v. State,* 229 Ga. 395, 397 (191 SE2d 783). The trial court did not err in holding the statement was freely and voluntarily given. *Gray v. State,* 135 Ga. App. 253 (1) (217 SE2d 482); *Jacobs v. State,* 137 Ga. App. 592 (1) (224 SE2d 462).

The trial court held a Jackson-Denno hearing, out of the presence of the jurors, and established that an agent from the Georgia Bureau of Investigation spoke to the defendant on Sunday, February 8, 1976, and again on the

next day. The defendant was advised of his Miranda rights on both days before he made a statement to the GBI agent. The agent read the Miranda rights from a form that he used. Although the defendant signed the form waiving his rights, the agent said he lost the form. The agent testified that defendant advised him that "[h]e did understand his rights and was willing to talk, but he didn't want to sign anything."

The defendant also objects to the taking of the second statement on an additional ground that although the interrogator knew that defendant was, at that time, represented by counsel, he secured an additional statement from the defendant. "[A] statement may be shown to be voluntary even though made in the absence of counsel after counsel has been retained or appointed." *Pierce v. State*, 235 Ga. 237, 239 (2) (219 SE2d 158); *Berryhill v. State*, 235 Ga. 549, 551 (5) (221 SE2d 185).

The question of voluntariness was properly considered in a Jackson-Denno hearing, held outside the presence of a jury. The trial court's determination that the statement was freely and voluntarily given, therefore admissible for the jury's consideration, was supported by a preponderance of the evidence. *Jett v. State*, 136 Ga. App. 559, 560 (222 SE2d 54). Any factual or credibility determination was made by a trial judge and will be accepted by an appellate court unless clearly erroneous. *High v. State*, 233 Ga. 153, 154 (210 SE2d 673).

We are aware of the decision of Brewer v. Williams, — U. S. —, issued March 23, 1977; 45 LW 4287, but find it inapposite. We find no error here.

4. Defendant asked for sequestration of witnesses under Code § 38-1703. The court did not err in permitting the prosecutor, Frank Baker, Jr., to remain in the courtroom upon request of the district attorney as he was needed "to assist [the district attorney] in the trial of this case." The defendant insisted that if the prosecutor remained "he should testify first." The district attorney stated that the witness' testimony would be "out of order." The court ruled that the witness could remain and testify when called. Enforcement of this codal right "has been vested in the discretion of the trial court." *Jarrell v. State*, 234 Ga. 410, 420 (6) (216 SE2d 258). Appellate courts

have found no abuse of discretion when the trial court permits the investigating officer to remain in the courtroom to assist in the trial of the case and testify after other state witnesses have testified. *Fountain v. State,* 228 Ga. 306, 307 (3) (185 SE2d 62); *McNeal v. State,* 228 Ga. 633, 636 (4) (187 SE2d 271); *Jarrell v. State,* 234 Ga. 410, 421 (6), supra.

The second alleged infraction of the rule of sequestration occurred when the state called the sheriff as a witness. He also had remained in the courtroom when the other witnesses departed. Two witnesses had testified for the state before he was called. In a similar factual situation, our Supreme Court held: "As held in *McWhorter v. State,* 118 Ga. 55 (6) (45 SE 873), 'Where a witness who has been put under the rule [of sequestration] remains in the courtroom, he is not thereby rendered incompetent. He might be subject to attachment for contempt; but to exclude him altogether might deprive a party of the only witness by which a fact in issue might be established. *May v. State,* 90 Ga. 800.' [Sic.] The trial court has broad discretion to handle these matters and his discretion will not be controlled unless it is manifestly abused." *Pearley v. State,* 235 Ga. 276, 277 (219 SE2d 404); *Jones v. State,* 135 Ga. App. 893, 899 (6) (219 SE2d 585); compare *Parham v. State,* 135 Ga. App. 315, 320 (217 SE2d 493). The statute itself states "no mere irregularity shall exclude the witness." Code § 38-1703. This legislative statement imports a liberal interpretation should be given when applying this statute.

The trial court in this instance determined "that there would be no harm then done to the Defendant. Sheriff Baker's testimony does not relate to the testimony that's already been given. . . The Court will instruct the District Attorney not to examine this Witness, Sheriff Baker, concerning matters that you have examined the other two Witnesses on." We find no abuse of discretion in the ruling of the trial court.

The third alleged infraction involved another police officer who testified for the state. Defendant objected to him testifying "due to the fact that he's been inside the Courtroom during the State's presentation. . ." The officer testified that he was not sworn in with the other witnesses

and went home after being excused by the prosecution. He stated that he did sit down in the courtroom "for about a minute and got up and left. Somebody told [him] they asked the Witnesses to go outside so [he] got up and left." The witness denied hearing anything of substance. We find no abuse of judicial discretion in permitting this witness to testify.

5. Defendant contends the court erred in failing to suppress two prior statements of two state witnesses and in allowing this improper evidence, including hearsay, to be read to the jury — over defense objection.

The state called the two children of the defendant to show circumstances surrounding defendant's acts on the night of the burglary. After examining each witness, the district attorney pleaded entrapment. Each witness admitted they had given a prior statement to a GBI agent. The district attorney was then permitted to bring out prior contradictory statements of the witness to testimony which had been given on the witness stand.

We find no prejudice in the procedure followed. The GBI agent was later called to the stand and testified that the statements used by the district attorney were given to him by the two witnesses. He stated that he had taken "word for word statements from them, and [he] reread the statements to each of the children, and they advised [him] the statements were correct." In our review of these statements, and comparison of them with the testimony of the witnesses on the stand, we found sufficient variance to support the ruling of the court.

"A party may not impeach a witness voluntarily called by himself unless he 'can show to the court that he has been entrapped by the witness by a previous contradictory statement.' (Code § 38-1801). . . [W]hen a written statement has been given to one who has authority in law to make criminal investigations for the State, the [district attorney] may rely upon it as fully as if it had been made directly to him." *Sparks v. State,* 209 Ga. 250 (2) (71 SE2d 608).

Formerly, where the state prosecutor alleged he had been entrapped by a state witness, the prior statement must have been "prejudicial to the case being made. . ." *Kemp v. State,* 214 Ga. 558 (2) (105 SE2d 582). However,

in *Wilson v. State,* 235 Ga. 470, 475 (219 SE2d 756), the Supreme Court held that henceforth "we will not require that the witness' testimony be a total 'surprise' nor that it be affirmatively damaging" for they concluded "that the ends of justice are far better served by full exposure of whatever previous statements a witness might have made if his testimony conflicts with them."

The trial court properly restricted the prior statements to credibility of the witnesses. Accordingly, this enumeration is without merit.

6. We have examined the remaining enumerations of error and find them to be without substantial merit.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED MAY 9, 1977 — DECIDED JUNE 1, 1977 — REHEARING DENIED JUNE 21, 1977 — 

*Maylon K. London,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, James H. Whitmer, Assistant District Attorneys,* for appellee.