## 55898. GEE et al. v. THE STATE.

McMURRAY, Judge.

Defendants were indicted for and convicted of the offense of motor vehicle theft. Defendants appeal, contending that the circumstantial evidence presented by the state is not sufficient to support the verdict and that the trial court erred in the charge on flight. *Held:*

1. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with guilt but shall exclude every other reasonable hypothesis save that of guilt of the accused. Code § 38-109. Such evidence need not exclude *every* inference or hypothesis except guilt of an accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). 'Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law.' *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643)." *Parker v. State,* 142 Ga. App. 396, 397 (236 SE2d 141).

Here, the state has shown that defendants were at Clark's home on the Saturday night that Clark's pickup truck was stolen. The following day defendant Gee was recognized as the passenger in defendant Davis' automobile at the deserted location where tires from the stolen truck were found lying beside the road. Soon thereafter Davis' automobile was found parked and locked. Examination of defendant Davis' automobile revealed a citizens' band antenna taken from the truck. Also found in defendant Davis' car were pieces of tallow such as found on the tires and on the truck due to Clark's work in and around rendering plants. Both defendants

admitted to an officer they were together for a considerable period of time during that weekend, finally going to Florida. The state's evidence is sufficient to support the verdict.

2. Defendants contend that the charge on flight was erroneous in that the charge included prohibited expressions of opinion by the trial court as to the guilt of the accused. The charge did not amount to an expression of opinion by the court as to defendants' guilt when the trial court instructed the jury as to flight.

Defendants also complain of this sentence from the charge on flight: "You may consider such evidence only as to circumstances upon reaching the guilt of the accused." When considering this meaningless sentence along with the otherwise correct charge on flight, we believe that the entire charge when considered as a whole is neither misleading not harmful to defendants. This enumeration of error is without merit.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED JULY 3, 1978.

*Loggins & Murray, Hulon Murray,* for appellants.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.