## 56087. DAVIS v. THE STATE.

BIRDSONG, Judge.

Davis was convicted, by a jury, of possession of a sawed-off shotgun. He enumerates as error the failure of the trial court to direct a verdict of acquittal, or alternatively grant judgment n. o. v. *Held:*

1. The evidence showed that appellant and a passenger were stopped in a closed service station when police stopped to investigate. A search of the vehicle being driven by appellant revealed an illegal weapon, viz. a sawed-off shotgun. Further investigation disclosed that the vehicle had been loaned to appellant's brother, from whom, in turn, appellant had borrowed it. A search of appellant's residence where he lived with his parents and many siblings, revealed the sawed-off sections of the butt and barrel of the weapon found in the trunk of the vehicle. The evidence showed that the trunk lock of this vehicle was defective due to a key broken inside the lock, as a result of which the trunk could be opened without a key. Finally, the evidence showed that a variety of persons had access to the vehicle, the trunk, and the residence where the sawed-off sections of the weapon were found.

2. An analysis of the evidence shows that the sole predicate upon which this conviction is based was that appellant was the driver of a car which he did not own and had not personally borrowed from the owner. The general rule regarding constructive possession was stated in *Watson v. State,* 93 Ga. App. 368 (1) (91 SE2d 832): "Where immediate and exclusive possession of an automobile, locker room, or other premises is shown, the inference is authorized that the owner of such property is the owner of what is contained therein, and this inference has been referred to as a rebuttable presumption. [Cits.]" However, "[a]s to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it. *Shepherd v. State,* 77 Ga. App. 857 (50 SE2d 111)." *Elrod v. State,* 128 Ga. App. 250, 251 (196 SE2d 360). Furthermore, " '[m]erely finding contraband on premises occupied by a defendant is not sufficient to

support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' *Gee v. State,* 121 Ga. App. 41, 43 (172 SE2d 480). While *Gee* applies to premises, the same rule appertains to automobiles. [Cit.]" *Donaldson v. State,* 134 Ga. App. 755, 756 (216 SE2d 645).

3. Clearly, the vehicle, its trunk, and appellant's residence were easily accessible to persons other than the appellant who had equal opportunity to commit the crime for which appellant was convicted. The evidence thus adduced, being solely circumstantial, was not sufficient to authorize appellant's conviction of possession of an illegal weapon. See *Ivey v. State,* 226 Ga. 821 (177 SE2d 702); *Denham v. State,* 144 Ga. App. 373 (241 SE2d 295); *Benda v. State,* 142 Ga. App. 555 (236 SE2d 535); *Donaldson v. State,* supra; *Williamson v. State,* 134 Ga. App. 329 (214 SE2d 415).

*Judgment reversed with direction that the trial court enter a verdict of acquittal. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JUNE 26, 1978 — DECIDED JULY 10, 1978.

*Loftiss & Messinger, Jeff Loftiss,* for appellant.
*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.