## 58110. FARMER v. THE STATE.

BIRDSONG, Judge.

Appellant appeals from his conviction for possession of marijuana.

The undisputed testimony of appellant is as follows: While driving around in his father's car in Toccoa one Sunday afternoon, appellant was stopped by one Tony Miller, who was from Anderson, South Carolina and whom appellant had met briefly before. Miller, who apparently was somewhat the worse for drink, asked appellant to drive him around while he looked for two girls he knew from Elbert County. Appellant transferred to Miller's 1968 Pontiac and proceeded to drive around. This was about 4:00 p.m. A few minutes later, Miller spotted his female friends, got out of his car, and "got" with the girls. He told appellant that appellant could drive his car around, whereupon appellant drove off and saw Tony Miller no more. Appellant soon met Roger Pace, and from about 4:30, he and Pace just rode around "like the rest of the people in town, just messing around at the Wigwam and getting something to eat." Appellant was drinking. A while later, appellant and Pace met up with one Tony Westmoreland, and the three rode around in Miller's 1968 Pontiac until about 9:00 p.m., when appellant took Westmoreland to his home. After a brief visit, appellant and Pace left to drop Pace off at his truck at the Dairy Queen. They detoured to stop by appellant's father's house

to explain why appellant had not returned his father's car.

While appellant and Pace were on their way to fulfill this mission, the incident giving rise to this case occurred. A police officer drove by and saw the 1968 Pontiac cross the center line. The officer turned around. Meanwhile appellant and Pace stopped briefly at a gas station. The officer met the Pontiac as it came out of the station driveway with its lights out and again followed the car. The officer testified that he saw the passenger, Pace, bend forward over his seat as if to get something or put something under the seat, but at trial, Pace denied having bent over. (Pace was acquitted at the joint trial.) Immediately, the officer switched on his blue lights and appellant stopped at a motel.

The officer walked up to the driver's side of the 1968 Pontiac and, thinking perhaps the passenger had gotten a gun from under the seat, threw his flashlight beam into the car. From where he stood at the car door, the officer saw a white towel bundled up on the passenger's floorboard. Only about two inches of the towel were visible; the rest was covered from view by the seat. A small corner of the towel stuck up facing the officer and the driver's side of the car and, in the opening, the officer saw a green leafy-looking substance in a plastic bag. After having appellant get out of the car to take a balloon test, the officer arrested him for driving under the influence and requested a tag check, which came back indicating that the tag was registered to a woman in South Carolina for a 1966 Chevrolet. During this activity, Pace got out of the car once, then got back in. Finally the officer went to the passenger's side of the car and had Pace get out. He then reached into the car for the bundle, which was actually protruding about four to six inches from under the seat. The officer pulled out the bundle and discovered three bags about ten inches long containing a substance which, eventually, tested positive for marijuana.

There was no other evidence of marijuana use, no smoke, no odor, no marijuana butts or smoking paraphernalia. There was no weapon found on the scene. Appellant and Pace did not attempt to flee, but were polite and cooperative, even helpful. The officer conceded, from what he had observed, that if the white bundle was pushed

under the seat it might be difficult or impossible to see from the front seat because of the seat's overhang; and that it was possible that the bundle had slid out when the car was brought to a stop at the motel. Appellant testified that no one had put anything in the car while he was driving it. Tony Miller was not found. *Held:*

For the reasons hereinafter developed, we hold that the trial court's denial of appellant's motion for directed verdict of acquittal at the conclusion of all the evidence was error. It was also error for the trial court to charge as to a presumption of possession of the marijuana based on appellant's operation of the automobile, in the face of the evidence offered by appellant.

The only direct evidence against the appellant in this case is that marijuana was found partially concealed under the passenger's seat in the vehicle which appellant was driving. Appellant gave evidence that the car was not his, that he had been driving the car only five or six hours since its owner had lent it to him, that he never looked under the seat and had not seen the towel or its contents before the officer pulled it out of the car. Likewise, the passenger denied any knowledge of the marijuana. No attempt was made to dispute appellant's testimony. No proof or evidence whatsoever was offered by the state that appellant, or indeed that anyone, owned the car; more to the point, no evidence was offered by the state that appellant had controlled or possessed the car for any substantial period of time before the arrest, to the exclusion of all other persons. As we view the state of the evidence together with the charge of the court, the conviction for possession of marijuana is based solely on the presumption arising out of the fact that Farmer was the operator of a car in which marijuana was found.

The correct rule of constructive possession of contraband found in a vehicle owned or being driven by an accused has been often stated, *Davis v. State,* 146 Ga. App. 629 (247 SE2d 210); *Elrod v. State,* 128 Ga. App. 250, 251 (196 SE2d 360); *Shepherd v. State,* 77 Ga. App. 857, 858 (50 SE2d 111). However, except for *Shepherd,* supra, its application has not been heretofore reached, since this type of case generally has been decided on the sufficiency of the circumstantial evidence, *Elrod,* supra, p. 252; *Neal*

*v. State,* 130 Ga. App. 708 (204 SE2d 451); *Watson v. State,* 93 Ga. App. 368, 369 (91 SE2d 832), or on a supervening application of the equal access rule. *Davis,* supra, p. 630.

We do not state a new rule but specifically apply what has repeatedly been said: " 'Where immediate and exclusive possession of an automobile, locker room, or other premises is shown, the inference is authorized that the owner of such property is the owner of what is contained therein, and this inference has been referred to as a rebuttable presumption. [Cits.]' *However, '[a]s to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it.* [Cit.]' " (Emphasis supplied.) *Davis,* supra, at p. 629; *Elrod,* supra, at p. 251; and see *Watson,* supra, at p. 369.

*Shepherd,* supra, provided the first statement of the rule we now confirm. In that case, the appellant's automobile had been at a mechanic's garage about a week when contraband liquor was found in it. The court held that, in these circumstances, to shift the burden to the appellant, solely because of his ownership, to show that the liquor was not in his car with his knowledge or consent "would be a dangerous rule for the numerous owners of motor vehicles." P. 859. The holding does not turn on the fact that the appellant was not in immediate and exclusive control of the car when it was searched, but on the stated principle that *where the evidence shows others have had equal access to the vehicle, the application of a presumption of possession of the contraband is not "a sound, abstract principle of law."*

In 1956, *Watson v. State,* supra, wrestled with the problems raised by a presumption of possession and the consequent burden of going forward with the evidence that it places on the defendant. The court in *Watson* recognized the validity of the *Shepherd* rule, but interpreted it to mean only that the presumption of possession should not be applied in any case except where the evidence clearly shows immediate custody and control by the defendant (p. 369). This clearly is not the *Shepherd* holding; yet because the other evidence in *Watson* was so strong, and sufficient to support the conviction for

possession and transporting of liquor, the error went unnoticed.

The proper application of this rule means that, in the case of an automobile found containing contraband, no presumption arises that the driver or owner is in possession of the contraband, where there is any competent evidence that persons other than the accused have had access to or control of the vehicle for a period of time prior to the discovery of the contraband. Where there is such evidence, the burden will remain where it first came to rest, upon the state — without benefit of any presumption against the defendant — to prove beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that the accused was in possession of the contraband. See Kirby v. United States, 174 U. S. 47, 55 (19 SC 574, 43 LE 890); *Anderson v. State,* 196 Ga. 468 (7) (26 SE2d 755); *Brock v. State,* 91 Ga. App. 141, 142 (85 SE2d 177); *Butts v. State,* 13 Ga. App. 274, 275 (2) (79 SE 87).

The "equal access" rule, *Davis,* supra, p. 629, and the cardinal principle that mere presence at the scene of a crime is not sufficient to support a conviction (*Denham v. State,* 144 Ga. App. 373, 374 (241 SE2d 295) and cases cited), together preclude any inference of actual or constructive possession of contraband being drawn solely from the fact that one is in immediate and exclusive control of an automobile, when there is any evidence of equal access. We are dealing here with the class of cases involving criminal conduct which is determined, always to some degree and often solely, by the fact of the accused's possession and control of a particular type of premises, the automobile — a highly mobile, transferable premises which, by its nature, may easily be subject to the possession and control of many persons. Consequently, where an accused presents any competent evidence that others have had equal access to the vehicle where contraband material is found, it cannot be inferred as a matter of fact, giving rise to a presumption of law, that based solely upon ownership or operation he or she was in actual or constructive possession of the contraband. To charge such a presumption is error. This is not to say that operation or ownership may not be one factor to be

considered among others presented by competent evidence to show constructive possession.

In this case, appellant's testimony that he had borrowed the car some four or five hours earlier, that others were in the car, and that he had no knowledge of the presence of the marijuana, is sufficient to preclude any inference and presumption as a matter of law that he had possession and control of the marijuana. Nothing can show the fatally prejudicial effect of the charge of presumption more clearly than the jury's telling questions in this case, following several hours of deliberation: "Well, Your Honor, the problem is we don't get together on this — seems like there's some confusion as to their guilt . . . the way I see it, some of us sees [sic] it, is that they are charged with possession of marijuana, not selling or what have you, it's possession only; they had that in their possession, that's the way I'd see it, I don't know . . . *If it is in that car and it's not his car* he is liable for the car, *is he liable for everything that's in the car, if he doesn't own the car?*" Whereupon, the court re-charged that "if a person is driving an automobile or has an automobile in his possession, custody or control, all in that automobile is presumed to be his and in his possession . . ." The court expressly limited the presumption to the operator Farmer and denied its applicability to the passenger. Though the passenger Pace was seen acting as if he placed something under the seat, the jury, without the benefit of a presumption of possession, acquitted Pace. As to the appellant, the jury returned a verdict of guilty, apparently solely on the basis of the presumption, and upon entirely circumstantial evidence. In the absence of the dissipated presumption of possession, that circumstantial evidence does not preclude every other reasonable hypothesis save the guilt of the accused. *Denham,* supra. It was error to deny appellant's motion for directed verdict of acquittal, and error to charge on the presumption of possession of marijuana.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 19, 1979 — REHEARING DENIED DECEMBER 18, 1979 — ▮▮▮▮▮▮▮

*Douglas W. McDonald,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.