## 62195. BATTLE v. THE STATE.

SOGNIER, Judge.

Battle was convicted of armed robbery and sentenced to life imprisonment for that offense. Battle was also convicted of possession of a firearm by a convicted felon. In his first three enumerations of error, appellant contends the evidence is not sufficient to sustain his conviction for possession of a firearm by a convicted felon; he next contends that the trial court erred by denying his motion for a directed verdict; and, lastly, he contends that because the motion for a directed verdict was denied, the jury was allowed improperly to consider a prior felony conviction of appellant.

1. Briefly, the evidence relating to possession of the firearm disclosed that a detective saw appellant and another man in a car, stopped them and arrested appellant on an outstanding warrant for armed robbery. While following the car (in which appellant was a passenger), the detective saw appellant lean over as though he were putting something under the car seat. After the arrest, a police officer who was also present looked under the seat and found a pistol. A certified record of appellant's conviction for burglary was admitted in evidence for the limited purpose of showing that appellant was a convicted felon. Appellant denied that the pistol belonged to him. The owner of the car had loaned it to the person driving it at the time of the arrest.

In a case that is strikingly similar factually, except that marijuana was found under the seat, we held: " ' "Where immediate and exclusive possession of an automobile . . . is shown, the inference is authorized that the owner . . . is the owner of what is contained therein . . . " *However, "[a]s to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it.* [Cit.]" ' " *Farmer v. State,* 152 Ga. App. 792, 795 (264 SE2d 235) (1979). We went on to hold that that principle is based on the fact that "*where the evidence shows others have had equal access to the vehicle, the application of a presumption of possession of the contraband is not 'a sound, abstract principle of law.'* " Id.

In the instant case appellant was a passenger in the car, and was not in possession or control of it. Thus, applying the principles enunciated in *Farmer,* the evidence was not sufficient to support the finding of guilty of possession of a firearm by a convicted felon. Accordingly, the finding of guilty and the sentence for possession of a

firearm by a convicted felon is set aside.

2. Appellant contends that the trial court's denial of his motion for a directed verdict of acquittal for possession of a firearm by a convicted felon allowed the jury to consider, improperly, appellant's prior conviction in determining his guilt or innocence of *all* charges against him. We do not agree.

First, the trial court admitted a certified record of appellant's prior conviction for burglary for the sole purpose of showing that appellant was a convicted felon. The state (in the presence of the jury) so stated and appellant in response to a question from the trial judge, stated he had no objection to the document's admission for that limited purpose. Further, after denial of appellant's motion for a directed verdict of acquittal as to the charge of possession of a firearm by a convicted felon, appellant made no objection to the jury's possession of his record of a prior conviction. Thus, if there was any error it was self-induced and will not be a ground for a new trial. *Mahomet v. State,* 151 Ga. App. 462, 464 (1) (260 SE2d 363) (1979). Finally, we note that appellant contends that the jury was prejudiced, but cites nothing to support his contention. This court cannot consider factual representations in a brief which do not appear in the record. *Gray v. State,* 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980). Accordingly, the enumeration of error is without merit.

We have examined the entire transcript and find the evidence of armed robbery, including positive identification by the victim, more than sufficient to support the verdict. Further, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt of armed robbery beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed as to armed robbery; judgment reversed as to possession of a firearm by a convicted felon. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 21, 1981.

*Richard A. Dodelin, Jr.,* for appellant.
*William J. Smith, District Attorney, Richard C. Hagler, Assistant District Attorney,* for appellee.