### 74355. ROBERSON v. THE STATE.
(358 SE2d 659)

BIRDSONG, Chief Judge.

Bruce E. Roberson was convicted of two counts of burglary and sentenced to seven years, with five to serve and two on probation. He brings this appeal enumerating three alleged errors by the trial court. *Held*:

1. In his first enumeration of error, Roberson disputes the sufficiency of the evidence to support the convictions. Roberson admits the entry into several houses but denied the evidence shows it was with intent to commit a larceny therein. The jury heard evidence that Roberson broke out windows or broke through doors of several houses all in proximity to one another. In one he broke into the living area and upon confronting the occupant demanded money. In another, he went into the bathroom, closed the door and rummaged through the medicine cabinet. In another he locked himself in the bedroom and ransacked it. In each of these houses there were many items of value. There is no evidence that Roberson was successful in taking anything of value from any of the houses. It is equally apparent that in each of the houses he entered, he immediately encountered an occupant of the house which encounter caused his flight. Contrary to this evidence, Roberson introduced evidence that he had been invited to the room of a female where he was accosted by two males who robbed him and, upon demanding his secret code for his bank credit card, chased Roberson when he fled. Roberson contended that he broke into each of the houses in an attempt to escape his armed and dangerous pursuers and to obtain help. Each of the victims testified however that when they accosted Roberson he remained silent except on the one occasion when he demanded money. He never indicated his purpose was to seek help nor gave the reason for his flight.

The jury was presented with conflicting reasons for Roberson's entry into the houses. They likewise had to reconcile these differing

versions with the fact that apparently Roberson did not remove anything from any house. Viewing the evidence in the light designed to uphold the verdict of the jury, the jury was warranted in concluding beyond a reasonable doubt that Roberson broke into the house with intent to find and remove items of value. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal we are bound to construe the evidence with every inference and presumption in favor of upholding the jury's verdict. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498). Where the testimony of the State and that of the defendant is in conflict, the jury is the final arbiter. *Sims v. State*, 137 Ga. App. 264 (223 SE2d 468). There is no merit to this enumeration.

2. Roberson proposes a unique issue for our consideration in his second asserted error. Roberson requested a charge on justification as a legal principle though the charge as requested was not adjusted to the concept of a peaceable entry nor did it fit the facts of the case. It was urged by Roberson he had the right to break out windows and doors in order to enter the houses in his effort to gain protection from his pursuers. While we have no quarrel with the right of any person to seek assistance from his fellow citizens from harm to himself, it defies logic to find within that right of assistance the equal right to break down doors and windows and demand money, rummage through medicine cabinets and ransack bedrooms. A charge even when requested in writing must state a correct principle of law and be adjusted to the evidence. *Kessel v. State*, 236 Ga. 373, 374 (223 SE2d 811). There was no error in the refusal of the trial court to give such a requested charge.

3. In his last enumeration of error, Roberson urges it was error for the trial court to overrule his motion in limine to keep out evidence that one of the victims of the burglaries suffered a heart attack as a result of the shock and the subsequent admission of such evidence. Inasmuch as Roberson admitted the entry into each of the houses, such evidence could have had no prejudicial effect upon the jury's determination that Roberson did indeed break into the house. The only effect such evidence could have had of a prejudicial nature would relate to punishment. The jury exercised no such power. Moreover, the evidence tended to illuminate the violence of Roberson's entry and thus had at least some probative value. As such it could help the jury determine the truth and reach a just verdict. See *Garner v. State*, 83 Ga. App. 178, 184 (63 SE2d 225). Even assuming arguendo that it was error to allow such evidence (an assumption not warranted) perforce we would conclude that the error as assumed would have been harmless. See *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515). There is likewise no merit to this enumeration.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 9, 1987.

*Susan L. Frank*, for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Paul Howard, Assistant District Attorneys*, for appellee.