A89A0584. STEPHENSON v. THE STATE.
(383 SE2d 363)

BIRDSONG, Judge.

Appellant Michael Brett Stephenson appeals his conviction for rape, aggravated assault, and kidnapping. His single contention, on general grounds, that the evidence failed to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), is without merit.

The evidence is undisputed that while she was out socializing with her cousin, the victim met the appellant in a well-known Atlanta

bar or nightclub. Appellant appeared to be known by other patrons of the club. After several hours of social congress, the victim left the club with appellant to have dinner at a restaurant. A few hours later, the victim appeared at a witness' house near a secluded area, banging on the door and saying she had been raped. The witness allowed the victim in his house and observed that her hand was cut, her makeup and clothes were in disarray, and she appeared to be in shock. When she was admitted to Grady Hospital, she was observed by the emergency room physician to have a bruise on her left eye, bruises on her neck, and a cut on her right hand that required stitches. The victim was examined and treated for sexual assault, whereupon "non-motile sperm" was found to be present in the vaginal area; but this doctor found no physical "trauma" to that area.

It was appellant's defense that the evidence in general and the scientific and medical tests performed did not exclude reasonable doubts as to his innocence inasmuch as, e.g., the presence of non-motile sperm indicated the victim had engaged in sexual intercourse earlier than her meeting with him, and, e.g., no "trauma" was observed in the genital area.

These defense theories notwithstanding, the evidence was amply sufficient to enable a rational juror to conclude the appellant's guilt of all the offenses beyond a reasonable doubt, under the *Jackson v. Virginia*, standard. The scientific evidence pointed to by appellant as raising a reasonable doubt, is not conclusive in any respect that appellant did not kidnap the victim and assault her with a knife and rape her. If there was any possibility for doubt or uncertainty, the jury resolved it against the appellant, as it is empowered to do, being the arbiter not only as to the credibility of witnesses but also as to all conflicts in the evidence and all questions of reasonableness. *Harris v. State*, 236 Ga. 242 (223 SE2d 643); *Mercier v. Mercier*, 46 Ga. 643; *Williams v. State*, 153 Ga. App. 890, 893-894 (267 SE2d 305); *Gee v. State*, 146 Ga. App. 528 (246 SE2d 720). For this reason, where the jury has already determined all such questions by its verdict, the presumption of innocence no longer obtains on appeal and we are required to construe all evidence in favor of the verdict (see *Powers v. State*, 150 Ga. App. 25 (256 SE2d 637)); and we will not disturb the verdict unless it is insupportable as a matter of law. *Lewis v. State*, 149 Ga. App. 181 (254 SE2d 142); *Pless v. State*, 142 Ga. App. 594 (236 SE2d 842).

This verdict is not "insupportable as a matter of law." Nothing in the evidence, even according to appellant's version, precludes absolutely a conclusion of identity and guilt. There was a great deal of direct testimony by the victim describing what appellant did to her by way of kidnap, assault with a knife, and rape; and there was as well a great deal of circumstantial evidence that the victim was as-

saulted and raped, and that appellant did it. We thus find the evidence adhering well to the *Jackson v. Virginia*, standard, and not insupportable as a matter of law or fact.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 9, 1989.

*M. Muffy Blue, Penny A. Penn*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Keith L. Lindsay, Assistant District Attorneys*, for appellee.