A90A0016. GLANTON v. THE STATE.
(394 SE2d 577)

McMURRAY, Presiding Judge.

Defendant was indicted in four counts for criminal attempt (to commit burglary), possession of a knife during the commission of a

crime, misdemeanor obstruction of a law enforcement officer and recidivism. The evidence adduced at a jury trial revealed the following:

Two boys, one 13 years of age and the other 7 years of age, observed defendant attempting to gain access to the home of Michael Adcock through a window. The boys saw that defendant was wielding a knife and the 13-year-old went home and informed his mother of his observations. The police were summoned and Officer Donnie Canada of the Rome Police Department arrived at the scene and observed defendant "walking from the front porch of the [Adcock] residence. . . ." As Officer Canada approached, defendant "uttered a couple of real vulgar words . . . and took off running." A chase ensued with Sergeant William Hibberts of the Rome Police Department joining Officer Canada. Defendant was ultimately subdued; however, he struggled and resisted "[handcuffing]." A search of defendant revealed "a rather large pocket knife, a tuberculin syringe, a spoon, and . . . a couple of gold watches." It was later determined that a screen had been cut and that a door had been damaged at the Adcock house and that defendant did not have authority to enter the house. Defendant was found guilty of criminal attempt (to commit burglary), possession of a knife during the commission of a crime and misdemeanor obstruction of a law enforcement officer. Defendant's motion for new trial was denied and this appeal followed. *Held*:

Defendant asserts the general grounds, arguing that the eyewitness testimony of the two minor children was unbelievable; that his explanation of presence at the scene of the crime and flight from law enforcement officers outweighed the State's inculpatory evidence and that his presence at the scene of the crime was insufficient to support the convictions. These arguments are without merit.

The evidence was more than sufficient to authorize the jury to find the defendant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). "We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal we are bound to construe the evidence with every inference and presumption in favor of upholding the jury's verdict. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498). Where the testimony of the State and that of the defendant is in conflict, the jury is the final arbiter. *Sims v. State*, 137 Ga. App. 264 (223 SE2d 468)." *Roberson v. State*, 183 Ga. App. 268 (1), 269 (358 SE2d 659).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 7, 1990.

*James G. Meeks*, for appellant.
*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant*

■■■■■■■■■

*District Attorney,* for appellee.