A90A1912. SAUNDERS v. THE STATE.
(402 SE2d 542)

COOPER, Judge.

Appellant was convicted by a jury of armed robbery and appeals the trial court's denial of his motion for a new trial raising two enumerations of error: the evidence was insufficient to support the verdict, and the State improperly argued that appellant might be granted clemency by the court.

Viewed in a light to support the verdict, the evidence adduced at trial is as follows: During the early morning hours of December 21, 1988, a man entered a convenience store carrying a pump shotgun. The cashier was ordered to put money in a brown paper bag, and the perpetrator left the store with approximately $300. On the evening before the robbery, appellant and a friend, Martin Triplett had gone to the store. Triplett testified that on the following morning, appellant admitted committing the robbery with a shotgun taken from Steven Maltby, appellant's brother-in-law, and that there was a large amount of money on a coffee table. Maltby testified that appellant and Triplett had been staying in his trailer but that several days before the robbery, they left for Louisiana. Maltby admitted having two guns, including a shotgun, which he claimed were kept at his parents' residence at the time of the robbery; however, he denied that the shotgun was a pump shotgun. Appellant's sister also testified that appellant returned to Louisiana before the robbery, but she indicated that the guns were never removed from the trailer. Upon his return to Louisiana, Triplett notified the local police of the robbery, and the information was subsequently forwarded to the Cumming police where an officer obtained a picture of appellant and conducted a photo lineup. The cashier identified appellant in the photo lineup; however, in court, facing appellant during the trial, the cashier was

not able to identify him as the perpetrator. The court reporter recorded the cashier's response when asked to identify appellant as "That's not him"; however, neither the court nor counsel heard the response, nor did a backup tape recorder record the statement. At the close of the evidence, the court conducted a hearing outside the presence of the jury wherein the court reporter certified the transcript as correct and testified that the cashier muttered under his breath that appellant was not the perpetrator. A bailiff testified that she was unsure of the cashier's exact words, but she thought she heard him mumble "That is not the one." The cashier was recalled and denied making the statement. The jury then returned to the courtroom, and the cashier explained that he did not recall making the statement earlier in the trial and that what he meant to convey was that he could not state positively that appellant was the perpetrator because his appearance had changed in the year since the robbery. The cashier then maintained, as in his earlier testimony, that the individual identified in the photo lineup was the perpetrator. The bailiff and the court reporter followed and repeated their earlier testimony in the jury's presence.

1. Although there were conflicts in the testimony, there was sufficient evidence to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). " 'We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal we are bound to construe the evidence with every inference and presumption in favor of upholding the jury's verdict. [Cit.] Where the testimony of the State and that of the defendant is in conflict, the jury is the final arbiter. [Cit.]' [Cit.]" *Glanton v. State*, 195 Ga. App. 533, 534 (394 SE2d 577) (1990).

2. In his closing argument, the prosecutor stated, "The judge, Judge Jackson is a very fair man. I've been assigned to his court for almost two years now, seen him evaluate hundreds of defendants. And he knows what he is doing in deciding on a sentence. And he'll do what's fair and appropriate in this case. That's his job, not your's. Your job is to simply speak the truth on this case." Appellant contends that the argument violated OCGA § 17-8-76 and claims that it implied that the trial court would be lenient in deciding on a sentence and might possibly give a lighter sentence based on the facts in the case.

Our impression of this portion of the State's closing argument is that it was not improper and did not imply that appellant might not be required to serve his full sentence because of the possibility of pardon, parole or clemency. Appellant has adopted an interpretation of the State's remarks which we decline to accept. Accordingly, we find no error mandating the grant of a new trial.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 22, 1991.

*Walter J. Clarke*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.