## A98A0511. BALL v. THE STATE.
(501 SE2d 281)

JOHNSON, Judge.

A jury found James William Ball guilty of reckless conduct, aggravated assault, and possession of a firearm during the commission of a felony. Ball was found not guilty of two counts of kidnapping and one count of false imprisonment. Ball appeals the convictions entered on the jury's verdict. We affirm.

1. In his first enumeration of error, Ball contends the evidence was insufficient to support his convictions. On appeal, the evidence is viewed in the light most favorable to support the jury's verdict, and Ball no longer enjoys a presumption of innocence; moreover, an appellate court does not weigh evidence or assess credibility, but only determines evidence sufficiency. *Morris v. State*, 228 Ga. App. 90, 91 (1) (491 SE2d 190) (1997). Viewed in this light, the evidence shows that Ball fired two shots at his wife, Michelle Briscoe, and her lover, William Johnson, from about twenty feet away. One of these shots struck Johnson in the leg. Johnson did not threaten Ball prior to Ball shooting at him. In addition, Ball admitted he knew of his wife's affair prior to the shooting and that he knew Johnson was unarmed at the time of the shooting.

Ball asserts the evidence is insufficient to support the verdict because Johnson did not testify at trial and because the evidence shows that Ball shot Johnson out of fear for his own life. As to his first contention, it is well-established that it is not necessary for the victim of an aggravated assault to testify at trial. See *Heard v. State*, 204 Ga. App. 757, 759 (2) (420 SE2d 639) (1992); *Steele v. State*, 196 Ga. App. 330 (2) (396 SE2d 4) (1990). The testimony of Ball's wife was sufficient to authorize Ball's convictions of all three offenses under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Id.

Ball's second contention, that he acted in self-defense, goes to witness credibility and the weight of the evidence, determinations which are soundly within the jury's province. The evidence was sufficient to support the convictions. See *Morris*, supra; *Heard*, supra.

2. In his second enumeration of error, Ball asserts he was denied effective assistance of counsel. When inadequate representation is alleged, the burden is on the defendant to establish that (1) his attorney's representation in specified instances fell below an objective standard of reasonableness; and (2) there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Anderson v. State*, 228 Ga. App. 453, 457 (2) (491 SE2d 893) (1997). The trial court's determination regarding whether the defendant has been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. Id.

Specifically, Ball contends that his counsel was ineffective because he failed to comply with the notice requirements of Uniform Superior Court Rule 31.6, which permit the admission of evidence of specific acts of violence by the victim against third parties upon at least ten days notice to the trial court. Ball further asserts that his trial counsel failed to consult sufficiently with him in order to locate individuals who would have provided this type of evidence. We disagree.

Ball's trial counsel has practiced law for 20 years. He was appointed to represent Ball and first interviewed Ball at the detention center prior to the preliminary hearing. Following the preliminary hearing, Ball posted bond and returned to New York. Ball admits that he and his trial counsel had a number of telephone conversations while he was in New York. Trial counsel next personally met with Ball at the calendar call, where they announced ready for trial subject to outstanding discovery issues.

The day following the calendar call, trial counsel served the state with his Rule 31.6 notice of intent to introduce specific acts of violence committed by Johnson. This notice did not include specific information and was not served within ten days of trial. See USCR 31.1. At the hearing on the motion for new trial, trial counsel testified that Ball was unable to give him the names of third persons against whom Johnson committed acts of violence. According to trial counsel, he submitted this notice in the event he came up with something later. Trial counsel testified that if he had had any specific information, he would have included it in his Rule 31.6 notice. Ball admitted that at the time of trial, he did not have any specific names, dates and places.

Trial counsel testified that he knew of the ten-day mandate in Rule 31.1, but had nothing specific to present to the court ten days before trial, during trial or during the hearing on the motion for new trial regarding violent acts committed by Johnson against third persons.

Trial counsel testified that he employed an investigator to find witnesses to the shooting and individuals who knew of any violent acts committed by Johnson. The investigator interviewed people who worked in and patronized the business where the shooting occurred. However, no individuals were located who would testify that Johnson committed acts of violence against them.

Trial counsel's failure to file a timely or sufficient notice regarding this evidence does not fall below an objective standard of reasonableness in this case. *Anderson v. State*, supra. Neither Ball nor the investigator was able to identify any specific instances of violence committed by Johnson against third persons. *Johnson v. State*, 266 Ga. 380, 381 (2) (467 SE2d 542) (1996), cited by Ball, is distinguishable. In *Johnson*, trial counsel failed to follow up on potentially viable Rule 31.6 evidence of which he knew more than ten days before trial but erroneously believed would be inadmissible. Id. at 382. In the present case, the evidence shows that trial counsel did not know of any potentially viable Rule 31.6 evidence.

While Ball claimed he knew the names of specific individuals and would have identified them if asked by his trial counsel, the evidence shows that Ball could not name any of these individuals during his proffer at trial and that neither trial counsel nor the investigator could locate any such individuals. It is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony. *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995). The trial court did not err in finding that Ball's trial counsel provided effective assistance of counsel.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1998.

*Henderson & Lipscomb, Lyle K. Porter*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.