A99A0763. HANDFORD v. THE STATE.
(517 SE2d 838)

ELDRIDGE, Judge.

Defendant Alden Handford challenges his June 1998 conviction for selling cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq. We affirm.

Handford's sole enumeration of error contends that the evidence presented at trial was insufficient to support the jury's guilty verdict. In reviewing the record on appeal,

> the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]

*Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In evaluating the sufficiency of the evidence, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319.

Viewed in such light, the evidence presented showed that, on February 20, 1997, the Early County Sheriff's Department, in conjunction with the Seminole County Sheriff's Department, conducted an undercover drug buy in Donalsonville, Georgia. The drug purchaser, Arthur Oliver, testified that he worked with various federal, state, and local law enforcement agencies by participating in such undercover operations. Oliver testified that, during this operation, he used his own car to drive to an area where he believed drugs could be purchased. A Sheriff's Department employee thoroughly searched his car and his person for hidden contraband before sending him on the undercover operation. The Sheriff's Department equipped the car with a videotape machine with which to record the drug transaction. The Sheriff's Department gave him $40 in State funds with which to purchase drugs.

Oliver testified that he drove to an area of Donalsonville near

"Frank's Place," a pool hall, and that two males approached his car. Handford was one of the individuals. Both individuals asked him what he wanted, and Oliver stated that he wanted a "twenty," i.e., a $20 rock of crack cocaine. Handford offered some crack cocaine and, following some discussion about the size and cost of the drugs, agreed to sell the cocaine to Oliver for $20. Handford received $20 in State funds for the cocaine. A similar transaction occurred with the other individual. The entire transaction was recorded on videotape, which was played for the jury during trial. The court recorder was unable to transcribe most of the dialogue of the videotape. However, Oliver explained to the jury what was occurring during the videotaped transaction.

Immediately after purchasing the cocaine, Oliver drove a short distance and recorded his observations on an index card, which he sealed in a plastic bag with the contraband. Following the transaction, Oliver turned the bag over to the Sheriff's Department, who sent the contents of the envelope to the Georgia Crime Lab for testing. The Sheriff's Department paid Oliver $25 for his participation in the transaction.

In addition to Oliver's testimony, the State presented the testimony of various law enforcement agents involved in the operation, as well as the Georgia Crime Lab chemist who tested the contents of the envelope and determined it to be .10 gram of crack cocaine. The cocaine also was admitted into evidence.

Although Handford presented no evidence at trial, defense counsel asserted during closing arguments that the videotape did not clearly and specifically show a drug transaction between Handford and Oliver. However, this argument goes to the weight and credibility to be assigned to the evidence presented, which is solely within the purview of the jury. *Jackson v. Virginia*, supra; *Grant v. State*, supra. Regardless of the value that the jury assigned to the videotape, the testimony of the law enforcement officers, the Crime Lab employee, and Oliver, as well as the physical evidence of the cocaine, was sufficient for a rational factfinder to find Handford guilty of selling cocaine beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 14, 1999.

*Robert M. Thomas*, for appellant.

*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellee.