A03A0104. SINGLETON v. THE STATE.
(577 SE2d 6)

JOHNSON, Presiding Judge.

A jury found Octavius Singleton guilty of armed robbery of James Henderson, kidnapping of Robert Hill, aggravated assault on Patricia Tolbert, burglary of Henderson's home, obstruction of an officer by struggling with him, obstruction of an officer by fleeing, and giving a false name to an officer. Singleton appeals, alleging the evidence was insufficient to support his convictions for armed robbery, kidnapping, and giving a false name. Because the evidence was sufficient to support the jury's verdict on these counts, we affirm Singleton's convictions.

Viewed in a light most favorable to support the jury's verdict, the evidence shows the following facts with respect to the three charges at issue. Henderson and Tolbert arrived at Henderson's house after running errands. Henderson asked Tolbert to look in his backyard and see if a lawnmower, which he had let someone borrow, had been returned. While Tolbert checked, Henderson remained in his van. As Tolbert walked around the corner of Henderson's house, two men with guns burst out of the back door. Then Hill came out of the house.

The two gunmen forced Tolbert, who was screaming, back into the van and entered the van themselves. Henderson and Tolbert identified Singleton as the gunman who got into the front seat of the van with a gun in his hand. Singleton took several hundred dollars from Henderson. The police arrived, having been summoned by a neighbor who saw Singleton breaking into Henderson's house before Henderson arrived home. When the police arrived, the two men ran. The officers ran after the men. After the officers finally arrested Singleton, an investigator asked Singleton his name. Singleton told the investigator his name was Devorius Simpson.

Hill testified that he performed odd jobs for Henderson and that he fell asleep in a chair by the side of the house while waiting for Henderson to return home. According to Hill, he had his head down when two men told him to stay down and not to look around. The men laid Hill on the ground, and Hill heard them breaking open the house door. Then the men brought Hill in the house and told him to lie down in the back room. Hill was afraid to look at the men, and the men told Hill that they would shoot him if he ran. Hill testified that he went back into the house because he was "fearing for my life."

Singleton contends the evidence was insufficient to support his

convictions for armed robbery, kidnapping, and giving a false name. On appeal, this Court does not weigh the evidence or assess the credibility of the witnesses; we merely determine whether the evidence was sufficient to support the defendant's conviction.[1] "We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal we are bound to construe the evidence with every inference and presumption in favor of upholding the jury's verdict. Where the testimony of the State and that of the defendant is in conflict, the jury is the final arbiter."[2] And, the testimony of one witness may establish a fact.[3]

1. Singleton contends the evidence was insufficient to support his armed robbery conviction because although Henderson and Tolbert both testified that Singleton took $700 from Henderson, no money was ever recovered from Singleton's person or from the scene. According to Singleton, while this argument was presented to the jury and the jury resolved the issue against Singleton, we should "reconsider the issue and the jury's verdict because it is against the greater weight of the evidence." However, as stated previously, this Court merely determines evidence sufficiency; we do not weigh the evidence or assess the credibility of the witnesses. Here, the testimony of both Henderson and Tolbert that Singleton took Henderson's money from him at gunpoint was sufficient to support the armed robbery conviction.[4]

2. Singleton contends the evidence was insufficient to support the kidnapping conviction because there was no proof that either man forced Hill to go inside the house and because Hill could not identify him. However, the record shows that Hill entered the house because he feared for his life. Although Hill did not see the men or a gun, he was told the men would shoot him if he ran. Compelling a victim to move from one place to another in response to a threatening command can constitute the necessary element of asportation.[5] In addition, Hill testified that the men who forced him to enter the house broke into the house, and a neighbor identified Singleton as the man who broke into Henderson's home and later entered Henderson's van. This testimony, in conjunction with Hill's testimony, was sufficient to enable a rational trier of fact to find that Singleton was

---

[1] *Russell v. State*, 230 Ga. App. 546, 549 (4) (497 SE2d 36) (1998).

[2] (Citations and punctuation omitted.) *Saunders v. State*, 198 Ga. App. 666, 667 (1) (402 SE2d 542) (1991).

[3] OCGA § 24-4-8.

[4] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-8-41 (a).

[5] *Smith v. State*, 250 Ga. App. 465, 469 (5) (552 SE2d 468) (2001).

involved in the kidnapping. The evidence was sufficient to support the kidnapping conviction.[6]

3. Singleton contends the evidence was insufficient to support his conviction for giving a false name because the state did not prove that the name he gave the investigator, Devorius Simpson, was not his real name. However, the trial court began the trial by announcing that this was the case of the state versus Octavius Singleton. And defense counsel told the jury, "It's my privilege to represent Mr. Singleton." Defense counsel also repeatedly referred to the appellant as Octavius Singleton during the trial. In addition, the appellant signed Octavius Singleton on the indictment.

Singleton did not repudiate any of the statements made by the trial court or his own counsel referring to him as Octavius Singleton. Also, there was concordance between Singleton's name and that of the person charged in the indictment, upon which Singleton signed his name as "Octavius Singleton." "Concordance of name alone is some evidence of identity. Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary."[7] The evidence was sufficient for a rational trier of fact to find that appellant's real name was Octavius Singleton and that he gave a false name to the investigator.[8]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 10, 2003.

*Laila A. Washington*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Benjamin M. First, Assistant District Attorneys*, for appellee.

---

[6] OCGA § 16-5-40 (a); *Stephenson v. State*, 191 Ga. App. 877 (383 SE2d 363) (1989).

[7] (Citations and punctuation omitted.) *Brown v. State*, 236 Ga. App. 478, 481 (2) (512 SE2d 369) (1999).

[8] OCGA § 16-10-25; *Brown*, supra.