A03A1596. CECIL v. THE STATE.
(587 SE2d 197)

JOHNSON, Presiding Judge.

A jury found Vincent Cecil guilty of armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and theft by taking. Cecil appeals, alleging the evidence was insufficient to support his convictions for armed robbery and possession of a firearm during the commission of a crime. He also alleges the trial court erred in denying his motion for a directed verdict on the aggravated assault count. We find no error and affirm Cecil's convictions.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that the victim, Janet Hayes, worked in a convenience store. At approximately 4:00 a.m., she heard the sensor on the front door go off, but did not see anyone. When she turned to go to the back of the store, someone grabbed her and took her back to the front of the store. Hayes described the assailant as an African-American male with a white garment wrapped around his head, with only his eyes being visible. The man was armed with a silver gun. The gunman told Hayes to get on the ground, crawl behind the registers, and open both registers. After she got the money, the gunman pushed her toward the back of the store. The gunman took over $100 from both registers.

A short time later, the door sensor went off again and Lorenzo Phillip Mohorn entered the store and yelled, "Hey, hey." The gunman went to the front of the store, and Hayes took the opportunity to barricade herself in the bathroom. After hearing the door sensor go off a few more times, Hayes left the bathroom and activated the alarm.

When the police arrived, Hayes described the gunman and told

police she recognized the gunman's eyes and voice. According to Hayes, the gunman used to come to her house and had purchased a cigar from her the night before. She positively identified Cecil as the gunman.

A review of the store's videotape showed Cecil holding a gun to Mohorn's face. In addition, after reviewing the store's videotape from the previous night, Hayes realized that Cecil had taken $10 or $15 from her wallet to purchase his cigar the night before.

After the police arrived, Cecil's father came to the store. An officer testified that Cecil's father told him he thought Cecil was involved and that he saw Cecil running from behind the house. Cecil's father also told the officer that his son had on white shoes. Another officer testified that he overheard Cecil's father tell an officer that he saw his son behind one of the houses near their home and thought his son might be involved. At trial, however, Cecil's father testified that he did not see Cecil on the day of the armed robbery. Cecil's father told police that someone was running around the neighborhood and causing his dog to bark.

A detective testified that the gunman appeared to have on the same shoes Cecil wore the night he purchased the cigar. The detective further testified that Cecil admitted he took money from Hayes' wallet the night before the armed robbery.

Cecil contends the trial court erred in denying his motion for a directed verdict on the aggravated assault charge. He also claims the evidence was insufficient to support his conviction for aggravated assault. The aggravated assault charge stems from Cecil's action in pointing his gun at Mohorn. Cecil contends the videotape merely shows him waving at Mohorn. According to Cecil, the state failed to carry its burden of proving an aggravated assault occurred because Mohorn did not testify, because the videotape of the event was not clear, and because the witness testimony was "beyond belief." We find no merit to these contentions.

First of all, it is well established that it is not necessary for the victim of an aggravated assault to testify at trial.[1] The state introduced the videotape that recorded the events which occurred at the convenience store. The jury was able to view the videotape and observed what transpired.

As for Cecil's argument regarding the ambiguity of the videotape, this argument goes to the weight and credibility to be assigned to the evidence presented, which are solely within the purview of the jury.[2] Moreover, we find no merit in Cecil's contention regarding the

---

[1] *Ball v. State*, 232 Ga. App. 107 (1) (501 SE2d 281) (1998).
[2] See *Gee v. State*, 212 Ga. App. 422, 423 (2) (442 SE2d 290) (1994).

"incredible" testimony of the witnesses. It was for the jury to assess the credibility of the witnesses, resolve any conflicts in the evidence, and come to a determination of the facts.[3] Here, the evidence was sufficient to enable a rational trier of fact to find Cecil guilty beyond a reasonable doubt of aggravated assault. The trial court did not err in denying Cecil's motion for a directed verdict on this charge.

2. Cecil asserts the evidence was insufficient to support his convictions for armed robbery and possession of a firearm during the commission of a crime. In support of his argument, Cecil contends the evidence is "incredible" and "flies in the face of all reason." However, as we stated in Division 1, it is the jury's duty to assess the credibility of the witnesses and resolve any conflicts in the evidence.

On appeal, this Court neither weighs the evidence nor assesses the credibility of the witnesses; we merely review the evidence in the light most favorable to support the jury's verdict and determine whether the evidence was sufficient to support that verdict.[4] Where the testimony of the state and the defendant is in conflict, the jury is the final arbitrator.[5] And, the testimony of one witness may establish a fact.[6]

Here, even without taking into account the other evidence admitted, Hayes' testimony that Cecil took money from her at gunpoint was sufficient to support Cecil's armed robbery and possession of a firearm during the commission of a crime convictions.[7]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED SEPTEMBER 3, 2003.

*McGee & McGee, James B. McGee III*, for appellant.
*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.

---

[3] See *Handford v. State*, 238 Ga. App. 121, 122 (517 SE2d 838) (1999).
[4] *Singleton v. State*, 259 Ga. App. 184, 185 (577 SE2d 6) (2003).
[5] Id.
[6] OCGA § 24-4-8.
[7] See *Singleton*, supra at 185 (1); *Ivey v. State*, 258 Ga. App. 587, 588 (1) (574 SE2d 663) (2002).