## S05A1168. HAMPTON v. THE STATE.
### (619 SE2d 616)

HINES, Justice.

Kevin Todd Hampton was convicted of two counts of malice murder, one count of armed robbery, one count of possession of a silencer, and two counts of possession of a firearm during the commission of a felony in connection with the deaths of Tommy Anderson and David Shumake. This Court affirmed the convictions, but remanded the case to the trial court for a hearing and determination on Hampton's claim of ineffective assistance of trial counsel. *Hampton v. State*, 272 Ga. 284, 288 (10) (527 SE2d 872) (2000). The trial court denied the claim of ineffectiveness, and Hampton, pro se, appeals. For the reasons which follow, we affirm.

The facts of the crimes are set forth in the prior appeal. *Hampton v. State* at 284-285. On January 23, 1996, Anderson's and Shumake's bodies were found in a common grave on Mike Haywood's property; Anderson and Shumake had been missing for about a month. On the evening of December 17, 1995, Hampton's roommate, Michelle Keiffer, saw Hampton drive his car into their driveway and remove something from his trunk. A truck also pulled into the driveway. Shortly thereafter, Keiffer heard gunshots, and Hampton later woke her, told her to keep a lookout while he was in the house, and remarked that "when you shoot something in the head that they do flop like a fish." He instructed her to follow him while he drove "Tommy's" truck to Haywood's property. Hampton put a handgun and either a rifle or shotgun in a garage on the property. Hampton told Keiffer to get her boyfriend, Lawrence Graves, and tell him "they had a package to get rid of." Keiffer returned to her house, found Graves, and told him Hampton wanted him at Haywood's.

Hampton admitted to Graves that he had murdered Anderson. They moved Anderson's body to the bed of a pickup truck and covered it with a tarp. They then went to Anderson's motel room and searched it. The next day, Hampton and Graves put Anderson's body in a shallow grave on Haywood's property, poured gasoline on it, burned it for approximately 20-30 minutes, and covered it.

On the evening of December 23, 1995, Hampton and Graves were at Haywood's home with several others. Hampton spoke with Shumake and Haywood in Haywood's bedroom; Hampton had previously told Graves that he wanted to kill Shumake. Hampton asked Haywood where Haywood's pistol was; Hampton had made a silencer for the weapon. Hampton demonstrated the silencer's effectiveness to Shumake by firing the pistol into a telephone book. Hampton then shot Shumake while Haywood was looking in another direction. Hampton turned to Haywood, who was confined to a wheelchair, and asked: "Everything okay? Got a problem?" Haywood said no. Hampton and Graves put Shumake's body into a long, metal box. The next day, Graves covered the body with lime and, using a backhoe, Hampton and Graves buried the box with the body inside in Anderson's grave.

Later, Keiffer told Hampton that she thought Graves was scared, and Hampton said that he was not sure that he could trust them. Before he was arrested, Hampton told Keiffer that it was not her fault or Graves's fault, and that the police would be looking for him because he was "the one that shot them." Both bodies were badly decomposed when recovered. Anderson's remains showed skeletal fractures that occurred after death and clotted blood in the larynx and throat, indicating traumatic injury to the neck, which could have been caused by a bullet; no bullet was found in Anderson's body and the skull did not appear to have been penetrated before death. A .22 caliber bullet fired from Haywood's pistol was found inside Shumake's cranial cavity.

In order to prevail on a claim of ineffective assistance, appellant "must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Cits.]" [Cit.] Appellant "must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." [Cit.] In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless

clearly erroneous; the lower court's legal conclusions are reviewed de novo. [Cit.]

*Sweet v. State*, 278 Ga. 320, 321-322 (602 SE2d 603) (2004), quoting *Bales v. State*, 277 Ga. 713, 715 (2) (594 SE2d 644) (2004). Here, the trial court found that Hampton failed to present evidence to carry his burden of showing that trial counsel's performance was deficient and that any such deficiency would have altered the outcome at trial. In fact, the trial court concluded that trial counsel provided Hampton with "superior representation and superior assistance."

1. Hampton contends that trial counsel was ineffective "by failing to perfect the record," i.e., that voir dire, opening statements, closing arguments, sidebar conferences, and certain objections and rulings were unreported, thereby foreclosing appellate review. But Hampton also states that because of evidence adduced at the hearing on his ineffectiveness claim, it now appears to him that "[trial] counsel requested a full and complete recordation of the [trial]." Therefore, Hampton's own statement belies the asserted deficiency of trial counsel.

2. Hampton asserts that trial counsel was ineffective in failing to request a change of venue due to pretrial publicity and Hampton's involvement with businesses serving alcoholic beverages and/or adult entertainment. However, he fails to make any showing to rebut the trial court's finding that there was no evidence that a change of venue was warranted. *Bales v. State*, supra at 715 (2). See also *Eckman v. State*, 274 Ga. 63, 68 (4) (548 SE2d 310) (2001).

3. Hampton has failed to show any merit in his contention that trial counsel failed to pursue and investigate defense motions regarding discovery and the revealing of any deals with State's witnesses, and that such failure prevented him from attacking witnesses' credibility. Thus, there is no basis to challenge the trial court's finding that trial counsel thoroughly investigated the case. *Bales v. State*, supra at 715 (2).

4. Hampton asserts that trial counsel failed to render effective assistance because counsel did not interview either the State's witnesses or individuals who would testify in his defense. However, here again, Hampton fails to provide any evidence to challenge the trial court's express finding that trial counsel conducted a thorough pretrial investigation, which included meeting with the witnesses and the investigating officers. See Division 3, supra. Moreover, Hampton offers only pure speculation regarding the testimony of actual and alleged potential witnesses. At the hearing on his claims of ineffective assistance of trial counsel, Hampton did not make the required proffer regarding the testimony of the 16 individuals whom he now

contends were not adequately interviewed. *Robinson v. State*, 278 Ga. 31, 35 (3) (b) (597 SE2d 386) (2004).

5. Hampton likewise fails in his contention that trial counsel was ineffective by failing to investigate the evidence and "facts made available" by the State and by Hampton himself. He offers only his speculation regarding the content of such alleged potential favorable evidence, which is insufficient to sustain a claim of ineffective assistance of counsel. See Division 4, supra.

6. Hampton maintains that trial counsel was ineffective by failing to object to numerous instances of Hampton's character being put into issue through evidence of his drug use, dealing in stolen vehicles, and threats to the Haywood children. But evidence that is relevant and material to an issue in a case is not rendered inadmissible merely because it incidentally places the defendant's character in issue. *Reed v. State*, 279 Ga. 81, 83 (3) (610 SE2d 35) (2005). The trial court found that such evidence was admissible, and therefore, did not warrant an objection on the part of Hampton's trial counsel, and Hampton fails to provide any legal support for his assertion that his character was illegally put into issue. Therefore, Hampton cannot demonstrate any deficiency by his trial counsel or prejudice in this regard so as to support his claim of ineffective assistance of trial counsel. *Sims v. State*, 278 Ga. 587, 589 (3) (604 SE2d 799) (2004).

7. There is also no merit to Hampton's assertion that trial counsel was ineffective by failing to object to witnesses' testimony "where undisputed evidence contradicted it." Merely because a party disagrees with witness testimony is not a valid basis for objecting to it. The matters cited by Hampton are ones of witness credibility, properly explored on cross-examination; the credibility of witnesses and the weight to be given their testimony are matters for the jury. *Cox v. State*, 279 Ga. 223, 224 (2) (610 SE2d 521) (2005).

8. Hampton contends that trial counsel failed to render effective assistance by not objecting to prosecutorial misconduct during reported and unreported portions of the trial. He alleges that the assistant district attorney, inter alia, coached witness Graves's "perjured hearsay testimony" and improperly bolstered the testimony of Graves and Haywood by pointing the weapon used to murder Shumake and operating its slide. However, Hampton does not provide any evidence of "coached" or "perjured" testimony solicited by the State. Nor is there any showing that a display of the murder weapon was anything other than a demonstrative aid during the prosecutor's closing argument about the evidence introduced at trial. See *Martin v. State*, 268 Ga. 682, 686 (9) (492 SE2d 225) (1997). There is no showing of error in the trial court's finding that the assistant district attorney did not commit any prosecutorial misconduct during Hampton's trial. *Bales v. State*, supra at 715 (2).

9. Hampton next contends that trial counsel failed to render effective assistance by failing to object to the *Allen*[1] charge given to the jury. However, this Court has already determined that the trial court did not abuse its discretion in giving the *Allen* charge and allowing the jury to further consider the case. *Hampton v. State*, supra at 288 (9). Therefore, Hampton cannot demonstrate any deficiency by his trial counsel or prejudice regarding the *Allen* charge, and thereby support this claim of ineffective assistance of trial counsel. *Sims v. State*, supra at 589 (3).

10. Finally, Hampton urges that trial counsel failed to render effective assistance as he was inattentive and/or sleeping during portions of the trial. However, the record supports the trial court's findings that trial counsel never fell asleep during the trial of the case and was thoroughly prepared and alert during all proceedings. *Bales v. State*, supra at 715 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

Kevin T. Hampton, *pro se.*

*Peter J. Skandalakis, District Attorney, Jeffrey W. Hunt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.

---

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).