## A06A0933. WALKER v. THE STATE.
### (631 SE2d 413)

JOHNSON, Presiding Judge.

A jury found Kenneth Walker guilty of burglary. Walker appeals, alleging the evidence was insufficient to support the jury's verdict and that his trial counsel was ineffective. We find no error and affirm Walker's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some competent evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence shows that the victim had been absent from his home for several weeks. When he returned home, he discovered the door was open. Entrance had been gained through a

---

[7] *Wells,* supra at 845-846.
[1] *Heard v. State,* 268 Ga. App. 718 (603 SE2d 69) (2004).
[2] *Odett v. State,* 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).
[3] *Heard,* supra.

window in the rear of the home. The victim reported a number of items missing, including an Aladdin Viewing Projector, which aids people with poor vision to read.

A neighbor testified that she saw Walker taking property out of the victim's house during the interval when this crime occurred. While she did not get a full-face view of the intruder, she recognized him from his build, appearance and limp. The neighbor positively identified Walker as the culprit. In addition, a business card from Walker's probation officer was found in the victim's residence, with the time and date of Walker's next appointment printed on the card.

Investigators subsequently searched Walker's grandmother's house, where Walker was living at the time of the burglary. They found the victim's Aladdin Viewing Projector covered by a tarp in the carport.

Walker denied committing the crime, denied he ever took a business card from his probation officer, and testified that he had suffered two strokes and could not lift anything heavy with his right side. He contends on appeal that the evidence was insufficient to support his conviction because the only evidence linking him to the crime was the neighbor's in-court identification, and she did not get a good view of him. He further argues that the Aladdin Viewing Projector could have been left in his grandmother's carport by any-one. Walker's contentions go to the weight of the evidence, and we must defer to the jury's assessment of the weight and credibility of the evidence.[4]

The testimony of a single witness is generally sufficient to establish a fact.[5] While Walker contends the neighbor's testimony was tainted because she did not get a complete view of his face as she saw him leave the victim's house, that circumstance does not negate the legal importance of her testimony.

> Identity is a question for the trier of fact, and where a witness identifies a defendant (whether the identification be based on the defendant's eyes, clothes, hairline or some intangible factor not capable of description), the credibility of the witness making such identification is not to be decided by this court.[6]

---

[4] See *Mickens v. State*, 277 Ga. 627, 627-628 (593 SE2d 350) (2004).

[5] OCGA § 24-4-8.

[6] (Citation and punctuation omitted.) *Heard*, supra at 721.

It was within the jury's province to believe the neighbor's testimony and disbelieve Walker's testimony.[7]

Furthermore, the neighbor's identification was corroborated by the discovery of the victim's vision projector at the place where Walker had been residing. Recent unexplained possession of stolen goods is probative evidence of the crime, and must be reviewed along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.[8] This fact is entitled to even greater weight in view of the discovery of Walker's probation officer's business card at the victim's residence. "We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal we are bound to construe the evidence with every inference and presumption in favor of upholding the jury's verdict."[9] Here, the jury was authorized to disbelieve Walker's testimony regarding the probation officer's business card, as well as his testimony regarding the vision projector. The evidence was sufficient to authorize the jury's finding that Walker was guilty beyond a reasonable doubt of burglary.[10]

2. To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[11] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[12] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[13] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[14]

Walker contends his trial counsel's performance was deficient because his counsel failed to investigate facts which would have established his alibi defense. Specifically, Walker claims his trial

---

[7] *Mickens*, supra at 629.

[8] See *Cothran v. State*, 269 Ga. App. 256, 257 (1) (603 SE2d 762) (2004); *Gray v. State*, 260 Ga. App. 197, 198 (1) (581 SE2d 279) (2003).

[9] (Citations and punctuation omitted.) *Singleton v. State*, 259 Ga. App. 184, 185 (577 SE2d 6) (2003).

[10] See generally *Morton v. State*, 241 Ga. App. 330, 331 (526 SE2d 862) (1999).

[11] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[12] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[13] *Hampton v. State*, 279 Ga. 625, 626 (619 SE2d 616) (2005).

[14] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

counsel "didn't get in touch with all my witnesses that I had gave him." Walker claims he gave his trial counsel the full name and telephone numbers of the woman who took him to a room at an inn during the time in question. However, Walker's trial counsel testified at the motion for new trial hearing that Walker was unable to impart anything of substance to him about the identity and location of any witness who might testify on his behalf. Walker told the attorney that he was with a man named Kevin and a woman at an inn. Walker gave trial counsel the wrong room number, and he did not know Kevin's last name, address, telephone number or date of birth, so trial counsel was unable to locate Kevin. According to trial counsel, Walker was also unable to give him any information about the woman. The trial court denied Walker's motion, finding that Walker's trial counsel was not ineffective. We agree.

At the hearing on his claim of ineffective assistance of trial counsel, Walker did not make the required proffer regarding the testimony of the individuals whom he now contends were not adequately interviewed.[15]

> In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case.[16]

Here, Walker offered only pure speculation regarding the testimony of the alleged potential witnesses. He failed to present the witnesses or submit any evidence in the new trial hearing demonstrating how any information possessed by Kevin or the woman would have helped his defense. Absent such a proffer, Walker cannot meet his burden of making an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case.[17] The failure of trial counsel to employ evidence cannot be deemed to be prejudicial in the absence of a showing that such evidence would have been relevant and favorable to the defendant.[18] Because Walker

---

[15] See *Hampton*, supra at 627-628 (4), (5).

[16] (Citations and punctuation omitted.) *Robinson v. State*, 278 Ga. 31, 35 (3) (b) (597 SE2d 386) (2004).

[17] See *Andrews v. State*, 275 Ga. App. 426, 434 (3) (b) (620 SE2d 629) (2005); *Johnson v. State*, 275 Ga. App. 21, 26 (7) (e) (619 SE2d 731) (2005).

[18] See *Drake v. State*, 274 Ga. App. 882, 885 (3) (619 SE2d 380) (2005).

failed to demonstrate any prejudice resulting from his counsel's failure to interview the witnesses, the trial court properly denied his ineffectiveness claim.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 12, 2006.

*Elizabeth C. Calhoun*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.