## A08A1661. KASHAMBA v. THE STATE.
(672 SE2d 512)

PHIPPS, Judge.

Following a jury trial, John Kashamba, also known as Kashamba Jahmal John, was convicted of the aggravated assault of Jerry Harris. Kashamba claims that the evidence was insufficient to support his conviction. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

Viewed in the light most favorable to the verdict, the evidence showed that on July 20, 2006, Harris finished work as a security officer at approximately 1:30 a.m. and went home. Harris then went back out to meet a friend. As he was driving out of his condominium complex, he saw Kashamba and two other men walking and talking. After he left the complex, Harris's friend called to tell him that she could not meet him. Harris then returned to the complex.

After Harris entered the complex, he saw Kashamba and the two other men again. The three men approached the open window on the driver's side of Harris's car, and Kashamba told him to get out of the car. Harris testified that while Kashamba was talking, he brandished a gun.

Harris testified that when he saw Kashamba's gun, he was afraid he would be shot. Harris had a gun on his passenger seat and when he saw Kashamba's gun, he grabbed his weapon and fired two rounds. After Harris fired his gun, he "ducked down" in his seat and waited to see if anyone would return fire. Harris testified that no one shot at him and he did not know if either of the other two men had weapons. When he exited his car, he saw two men running toward the complex exit and noticed that the third man had been shot. Harris then called 911, told the dispatcher what had happened and

---

[1] *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006) (citations omitted).

requested an ambulance. He remained at the scene until police officers arrived.

DeKalb County police officer Marcus Hodge responded to Harris's 911 call at approximately 2:48 a.m. When he arrived, he saw Harris standing at the front entrance to the complex, holding a gun. Hodge testified that Harris seemed nervous and "shaken up," that he immediately put the gun down and then described what had occurred.

Shortly after Hodge arrived, several other officers came to secure the scene and while they were doing so, a group of men that included Kashamba arrived. Harris told one of the officers that those men had been with the man who had been shot. Kashamba and the other men were detained and transported to the jail for further questioning.

Harris testified that he saw Kashamba again the week before trial. Kashamba approached him, asked him his name and said, "I'm the guy you were shooting at." Kashamba then apologized for the situation and asked Harris, "Please, don't throw my life away for . . . me being stupid."

Kashamba testified that he and the two other men went to the complex to meet a woman, but she was not there. As they were leaving, they were playing around when Harris's car passed them and came back. Harris then stopped the car and began shooting. One of the men with Kashamba was shot and fell down, while Kashamba and the other man ran. They both dropped their cell phones while running so they went to a nearby hotel to call for an ambulance. Kashamba testified that he did not have a gun and did not speak to Harris before he started shooting. The two men with Kashamba on July 20 testified consistently with Kashamba's testimony. They had both pled guilty to simple assault.

On appeal, Kashamba claims that the state did not prove that he assaulted Harris with a deadly weapon. He argues that Harris's testimony was the only evidence the state presented and that Harris was motivated to misrepresent his conduct to justify his own reckless conduct of firing a gun from his car.

Here, the pertinent elements of aggravated assault are an assault on a person as defined in OCGA § 16-5-20[2] and use of a deadly weapon.[3] Harris testified that Kashamba pointed a gun at him and ordered him out of the car, that he was afraid of being shot and that he feared for his life. Although Kashamba and his friends testified

---

[2] OCGA § 16-5-20 (a) (2) defines assault as an act that places another in reasonable apprehension of immediately receiving a violent injury.

[3] OCGA § 16-5-21 (a) (2).

differently, the jury, not the appellate court, is the final arbitrator of conflicting testimony.[4] And the fact that Harris and Hodge provided the only evidence for the state does not render the evidence insufficient. The testimony of one witness is generally sufficient to establish a fact.[5] Because a rational trier of fact could have found the essential elements of aggravated assault beyond a reasonable doubt, we affirm.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

### DECIDED JANUARY 14, 2009.

*Carl P. Greenberg*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[4] *Cecil v. State*, 263 Ga. App. 48, 50 (2) (587 SE2d 197) (2003).

[5] Id.; OCGA § 24-4-8.